### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIVIDAD MORALES,<br><br>                    Petitioner,<br><br>            v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                    Respondents. | CIVIL ACTION NO.  26-3921 |

## ORDER

**AND NOW,** this 10th day of June 2026, upon consideration of Natividad Morales's

Petition for Writ of Habeas Corpus [Doc. No. 1] and the government's opposition [Doc. No. 4],

and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED**

that the Petition [Doc. No. 1] is **GRANTED** as follows:

1.      Morales is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is
        instead subject to detention, if at all, pursuant to the discretionary provisions of 8
        U.S.C. § 1226(a).

2.      The Writ of Habeas Corpus shall issue, and the government shall **RELEASE**
        Morales from custody immediately, without new or additional conditions, and
        certify compliance with the Memorandum Opinion and Order by filing an entry
        on the docket no later than **5:00 p.m. ET** on **June 10, 2026**.

3.      The government is temporarily enjoined from re-detaining Morales for seven days
        following his release from custody.

4.      The government shall, immediately upon Morales's release, return all personal
        belongings confiscated upon or during his detention, including his identification
        and personal documents.

5.    The Court defers any award of costs or reasonable attorney fees at this time.

6.    If the government chooses to pursue renewed detention of Morales after the seven-day period mentioned in Paragraph 3, it must first provide him with notice and an opportunity to be heard at a bond hearing, at which a neutral immigration judge will determine whether Morales poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Morales from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Morales is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Morales if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. In that eventuality, the Court will then determine whether to grant the request and permit transfer of Morales.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

CYNTHIA M. RUFE, J.